Daniel, Judge,
dissentiente. — There is a natural and legal obligation on the parent to maintain his child during infancy. The law has fixed the time during which the child shall he considered an infant, to the period of twenty-one years. The.parent, during this period, has a right to the services of the child to enable him to fulfil Ms obligations. But after the period of twenty-one years, the parent is released from his obligation, and the child is bound to maintain himself; and the law likewise releases the child from the obligation of giving his laborand services.to the parent; because it then becomes necessary for him to use his industry for his own maintenance. Therefore when he labors for the parent after the 'time *352 he arrives at the age of twenty-one years, the law raises a promise by the parent, to pay as much as the labor of the child is reasonably worth. The circumstance of the relationship of parent and child, may go to the jury as evidence, with other facts and circumstances, to aid the defence of the parent, upon the question whether the labour of the child was gratuitous or not; but it does not operate as an exception to the rule of law. In the case before the court, the defendant had the benefit of such a circumstance, in his defence. The jury have found a verdict for the plaintiff, by which the allegation of the defendant, that the labor of the plaintiff was intended to be given gratuitously, is negatived. I therefore think there ought not be a new trial.
Ter Curiam. — Judgment reversed.